IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRADLEY JOSEPH STEIGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:16cv895-WHA |
| | ) | (WO) |
| WALLACE CAPEL, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.   INTRODUCTION

Bradley Joseph Steiger ("Steiger"), an Alabama inmate proceeding *pro se* and *in forma pauperis*, filed this *Bivens* action on October 6, 2016.[1]  Steiger names as Defendants Wallace Capel, Jr., Magistrate Judge of the United States District Court for the Middle District of Alabama, and Myron H. Thompson, District Judge for the same court.  Doc. No. 1 at 1-2.  His complaint alleges that Judge Capel and Judge Thompson violated his constitutional rights in various orders and adverse rulings denying him "exigent injunctive relief" in a habeas corpus action before this court.[2]  *Id*. at 2-4.  Besides seeking "nominal damages of one dollar," Steiger seeks an "exigent

---

[1] A *Bivens* action, which is brought against federal actors, is the federal counterpart to an action under 42 U.S.C. § 1983.  *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971).

[2] The court takes judicial notice of its records in Steiger's federal habeas action, *Steiger v. Strickland*, 2:16cv594-MHT-WC.  Steiger was convicted in state court for the offense of production of child pornography and was sentenced on May 16, 2003, to a term of 16 years' imprisonment.  In his habeas action, he challenges the Alabama Department of Corrections' jail credit/release date calculations for his state sentence.  On November 7, 2016, Judge Capel entered a Recommendation that Steiger's habeas petition be dismissed without prejudice because Steiger has not yet exhausted his available state court remedies regarding his habeas claims.  *See* 2:16cv594-MHT-WC, Doc. No. 62.  Steiger's objections to the Recommendation are due on November 21, 2016.

injunction" to proceed "exclusively" under 28 U.S.C. § 2241 in his habeas action "with exigent

hearing and summary disposition." *Id*. at 4. After careful consideration, it is recommended that

the instant *Bivens* action be dismissed with prejudice, prior to service of process, under 28 U.S.C.

§ 1915(e)(2)(B)(i), (ii) & (iii), because Steiger's claims are either frivolous or fail to state a claim

upon which relief may be granted.

## II.   DISCUSSION

### A.   Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)

Because Steiger is proceeding *in forma pauperis*, the court reviews his complaint under 28

U.S.C. § 1915(e)(2)(B).[3]  The court must determine whether the cause of action stated in the

complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted,

or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.

§§ 1915(e)(2)(B) & 1915(A). A claim is frivolous if it "lacks an arguable basis in law or fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where,

among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a

right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim,

such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2

(11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim

based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly

---

[3] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

baseless." *Neitzke*, 490 U.S. at 327.   A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

## B.   Claims Against Judge Capel and Judge Thompson

"[T]he immunities provided federal officials in *Bivens* actions are coextensive with those provided state officials in § 1983 actions." *Bolin v. Story*, 225 F.3d 1234, 1241 (11th Cir. 2000); accord *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (observing that under *Butz v. Economou*, 438 U.S. 478, 500 (1978), a federal official enjoys the same immunity in a *Bivens* action that a similar state official has for an identical violation under § 1983); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) (finding that federal district and circuit judges were entitled to absolute judicial immunity); *Patterson v. Aiken*, 628 F.Supp. 1068, 1071 (N.D. Ga.) (granting federal judges absolute judicial immunity in a *Bivens* action), aff'd, 784 F.2d 403 (11th Cir. 1986); *Page v. Grady*, 788 F.Supp. 1207, 1208 (N.D. Ga. 1992) (granting a federal district judge absolute immunity for signing a seizure warrant and for conducting a trial on drug distribution charges).

In a *Bivens* action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "'clear absence of all jurisdiction.'" *Bolin*, 225 F.3d at 1239 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same).   A judge is entitled to this immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction.

*Stump*, 435 U.S. at 356; *Bolin*, 225 F.3d at 1239.  *See also Mireles v. Waco*, 502 U.S. 9, 11 (1991).

A federal judge's absolute immunity includes immunity from claims for injunctive relief.[4]  *Bolin*,

225 F.3d at 1240-42; *Mullis v. United States Bankruptcy Court for the Dist. of Nev.*, 828 F.2d 1385

(9th Cir. 1987).

Here, it is clear that Steiger's contact with Judge Capel and Judge Thompson was in their

judicial capacity.  Steiger's habeas action was before these judges when they entered the orders

and adverse rulings in that case that Steiger argues were violative of his rights.  Thus, the first

portion of the *Stump* immunity test, which requires that the judge be acting in his judicial capacity,

is satisfied.  *Simmons*, 86 F.3d at 1085.

The second part of the *Stump* test inquires into whether Judge Capel and Judge Thompson

acted in the "'clear absence of all jurisdiction.'"  *Simmons*, 86 F.3d at 1085 (quoting *Stump*, 435

U.S. at 357).  While Steiger asserts that the judges acted "non-judicially and/or in complete absence

of all jurisdiction" (Doc. No. 1 at 2-3), he does not provide explanation or facts demonstrating how

they acted without jurisdiction.  Moreover, it is clear that "[t]he judicial power [of the United

States] shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of

the United States and treaties...."  U.S. CONST. ART. III, § 2.  Thus, when Judge Capel and Judge

---

[4] Moreover, to be entitled to equitable relief, a "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. United States Bankruptcy Court for the Dist. of Nev.*, 828 F.2d 1385, 1392 (9th Cir. 1987) (citations omitted).  Equitable relief is not appropriate where an adequate remedy at law exists. *Pulliam v. Allen*, 466 U S. 522, 542 & n.22 (1984). *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989).  An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Switzer v. Coan*, 261 F.3d 985, 991 (10th Cir. 2001) (adequate remedy at law existed where requested relief could be obtained through "standard legal means [such] as post-judgment motion, appeal, mandamus, prohibition, and/or certiorari review of prior proceedings); *Bolin*, 225 F.3d at 1243 n.7 (noting that in the absence of judicial immunity, the defendant judges would be entitled to dismissal because an adequate remedy at law existed through appellate review or an extraordinary writ).

4

Thompson entered orders and rulings in Steiger's federal habeas corpus case, they were acting within their jurisdiction.  Although Steiger contends that the judges' rulings were erroneous, an error by a judge in a ruling or in the handling of a case does not divest a judge of jurisdiction over an action before him.  *See Stump*, 435 U.S. at 363-64 (holding that judicial immunity extends to judicial acts that may contain error).

Because both prongs of the *Stump* test are satisfied, Judge Capel and Judge Thompson are entitled to absolute judicial immunity from Steiger's claims.  Accordingly, the undersigned finds that Steiger's claims against Judge Capel and Judge Thompson are frivolous as a matter of law and recommends that they be dismissed.  *Neitzke*, 490 U.S. at 327.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Steiger's claims against Judge Capel and Judge Thompson be DISMISSED with prejudice under the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) & (iii).

2.   This case be dismissed prior to service of process as required by the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) & (iii).

It is further ORDERED that the parties shall file any objections to this Recommendation or before December 9, 2016.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District

Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 21st day of November, 2016.


/s/   Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE